# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:09cr18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) vs. ) ) ) GEORGE LAMONT MOORE. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Indictment [Doc. 12], filed March 31, 2009.

**I.    PROCEDURAL BACKGROUND**

On February 17, 2009, the Defendant was charged in a Bill of Indictment with violating 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The Bill of Indictment further charges that the Defendant qualifies as an Armed Career Criminal under 18 U.S.C. § 924(e) [Doc. 1], which subjects the Defendant to a mandatory minimum term of imprisonment of fifteen years.

The Defendant now moves to dismiss the Indictment, contending that 18 U.S.C. § 922(g)(1) violates his fundamental right to bear arms in self-

defense, in violation of the Second Amendment. The Defendant further contends that § 922(g)(1) violates the Commerce Clause because the interstate commerce nexus and the Government's interest in preventing firearm ownership are not "compelling." Finally, the Defendant contends that § 922(g)(1) violates the Equal Protection Clause by abridging the right to bear arms based on varied state statutes. For the reasons that follow, the Defendant's Motion is denied.

## II.     ANALYSIS

### A.     Second Amendment Challenge

The Defendant first contends that § 922(g)(1) is unconstitutional in that it infringes his right to bear arms in self-defense, which the Defendant argues is a fundamental right guaranteed by the Second Amendment. [Doc. 12 at 3-7].

In arguing that 18 U.S.C. § 922(g)(1) is unconstitutional, the Defendant relies on the Supreme Court's recent decision in District of Columbia v. Heller, ___ U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). In Heller, the Supreme Court held that the District of Columbia's ban on handgun possession in the home, as well as its requirement that any lawful firearms kept in the home be rendered inoperable for immediate use, violated the

Second Amendment. Id. at 2821-22. Upon so holding, the Supreme Court further stated as follows:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 2816-17 (emphasis added).

The Defendant's counsel attempts to minimize the import of this language by suggesting that the Court "came nowhere near upholding those prohibitions" and instead left such issues to be resolved in future cases. [Doc. 12 at 3-4]. As Judge Thornburg has noted, however, "this language permits only one conclusion, namely, the prohibition of possession of firearms under 18 U.S.C. § 922(g) survives the Heller decision." United States v. Burris, No. 1:07CR76, 2008 WL 4000635, at *2 (W.D.N.C. Aug. 26, 2008); see also United States v. Brunson, 292 Fed. Appx. 259, 260 (4th Cir. Sep. 11, 2008) (noting that Heller "upheld the 'longstanding prohibition on the possession of firearms by felons'"). Indeed, this Court has "consistently concluded that Heller 'did not disturb or implicate the constitutionality of § 922(g), and was not intended to open the door to a raft of Second Amendment challenges to

3

§ 922(g) convictions." United States v. Solis-Gonzalez, No. 3:08CR145-MR-DCK-1, 2008 WL 4539663, at *2 (W.D.N.C. Sep. 26, 2008) (quoting United States v. White, No. 07-00361-WS, 2008 WL 3211298, at *1 (S.D. Ala. Aug. 6, 2008); see also United States v. Loveland, No. 1:08CR254, 2008 WL 3925271, at *2 (W.D.N.C. Aug. 21, 2008); United States v. Borgo, No. 1:08CR81, 2008 WL 4631422, at *2 (W.D.N.C. Oct. 17, 2008). Accordingly, the Defendant's argument that § 922(g) violates the Second Amendment must be rejected.

### B. Commerce Clause Challenge

While acknowledging that "the federal courts have thus far upheld Section 922(g)(1) as a constitutional exercise of Congress's Commerce power," the Defendant argues that § 922(g) exceeds the limits of the Commerce Clause and violates the Tenth Amendment, particularly in light of Heller. [Doc. 12 at 7-9].

In making this Commerce Clause challenge, the Defendant relies on United States v. Lopez, 514 U.S. 549, 567, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), in which the Supreme Court held that a federal law which prohibited the possession of a firearm in a school zone exceeded Congress's authority under the Commerce Clause because "[t]he possession of a gun in a local school zone is in no sense an economic activity that might . . . substantially

affect any sort of interstate commerce." The Defendant argues that <u>Lopez</u> suggests "that 18 U.S.C. § 922(g) operates unconstitutionally in a case where the only interstate commerce nexus is the mere fact that firearms at some point traveled interstate." [Doc. 12 at 9]. The Defendant further argues that the statute implicates the Tenth Amendment by its "overly broad assertions of federal jurisdiction." [<u>Id.</u> at 8].

The Defendant's arguments are meritless. The Fourth Circuit has repeatedly rejected similar challenges to § 922(g). <u>See</u> <u>United States v. Wells</u>, 98 F.3d 808, 810-11 (4th Cir. 1996) (rejecting Commerce Clause argument); <u>see also</u> <u>United States v. Gallimore</u>, 247 F.3d 134, 138 (4th Cir. 2001) (same); <u>United States v. Nathan</u>, 202 F.3d 230, 234 (4th Cir. 2000) (same); <u>United States v. Bostic</u>, 168 F.3d 718, 724 (4th Cir. 1999) (rejecting Tenth Amendment argument); <u>United States v. Battle</u>, No. 08-4715, 2009 WL 891027, at *1 (4th Cir. Apr. 1, 2009) (per curiam) (rejecting Commerce Clause argument).

Moreover, the Defendant does not articulate how the <u>Heller</u> decision affects the validity of Congress's exercise of its commerce power in enacting § 922(g)(1), other than to state that "the tenuous, commerce-based jurisdiction now endangered by the Supreme Court's Commerce Clause jurisprudence must give way." [Doc. 12 at 9]. The <u>Heller</u> decision, however,

does not give any indication that the Supreme Court intended to diminish Congress's power under the Commerce Clause. Indeed, as already noted, the Supreme Court emphasized that nothing in the Heller opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms." 128 S.Ct. at 2816-17. As one court has noted, "[t]his language expressly serves to preserve federal jurisdiction based on the Commerce Clause." United States v. Schultz, No. 1:08-CR-75-TS, 2009 WL 35225, at *4 n.3 (N.D. Ind. Jan. 5, 2009).

For these reasons, the Court rejects the Defendant's challenge to § 922(g)(1) pursuant to the Commerce Clause.

    **C.    Equal Protection Clause Challenge**

Finally, the Defendant contends that § 922(g)(1) violates the Equal Protection Clause in that the statute burdens the fundamental right to bear arms and treats similarly situated individuals differently by relying on diverse state definitions to determine what constitutes a conviction of a crime punishable by imprisonment for a term exceeding one year. In making this challenge, the Defendant urges the Court to adopt a strict scrutiny standard of review. [Doc. 12 at 10-13].

In Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the Supreme Court held that federal laws that restrict gun ownership by felons do not violate the Due Process Clause. In so holding, the Court applied a rational basis standard of review, noting that "[t]hese legislative restrictions on the use of firearms are neither based upon constitutionally suspect criteria, nor do they trench upon any constitutionally protected liberties." Id. at 65 n.8, 100 S.Ct. 915. In Heller, however, the Supreme Court noted that rational basis review was not appropriate "to evaluate the extent to which a legislature may regulate a specific, enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, or *the right to keep and bear arms.*" 128 S.Ct. at 2818 n.27 (emphasis added). While rejecting the rational basis standard, the Heller Court declined to establish the proper level of scrutiny for evaluating laws which restrict Second Amendment rights. See id. at 2821.

The Defendant contends that, in light of the Supreme Court's rejection of rational basis review in Heller, strict scrutiny should be applied in reviewing § 922(g)(1). This argument presupposes that the right to bear arms in self-defense is a "fundamental right." Contrary to the Defendant's argument, however, the Heller Court did not explicitly declare this right to be fundamental. See United States v. Miller, __ F.Supp.2d __, 2009 WL 499111,

7

at *6 (W.D. Tenn. Feb. 26, 2009) ("a close examination of Heller reveals that the Court never explicitly embraced or rejected the right to bear arms as 'fundamental' under the Constitution"); United States v. Radencich, No. 3:08-CR-00048(01)RM, 2009 WL 127648, at *4 (N.D. Ind. Jan. 20, 2009) ("The Court in District of Columbia v. Heller didn't find that the individual right to bear arms is a fundamental right . . . ."); Schultz, 2009 WL 35225, at *5 (noting that "the Supreme Court [in Heller] did not state [that] there is a fundamental right to keep and bear arms"). Because the right to bear arms in self-defense has not been deemed to be a fundamental right, strict scrutiny review would not be appropriate in this case.

Having excluded both rational basis and strict scrutiny as appropriated standards of review, the Court joins the majority of courts which have addressed this issue and concludes that § 922(g)(1) is most appropriately subject to intermediate scrutiny. See Miller, 2009 WL 499111, at *6; Radencich, 2009 WL 127648, at *4; Schultz, 2009 WL 35225, at *5; United States v. Bledsoe, No. SA-08-CR-13(2)-XR, 2008 WL 3538717, at *4 (W.D. Tex. Aug. 8, 2008). "To withstand intermediate scrutiny, a statutory classification must be substantially related to an important governmental objective." Clark v. Jeter, 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). The statutory classification must reflect "a reasoned judgment

consistent with the ideal of equal protection by inquiring whether it may be fairly viewed as furthering a substantial interest of the state." Plyler v. Doe, 457 U.S. 202, 217-18, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).

Applying this standard, the Court concludes that § 922(g)(1) withstands intermediate scrutiny. It can hardly be disputed that maintaining public safety and preventing crime are important governmental interests. See United States v. Salerno, 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) ("the Government's general interest in preventing crime is compelling"); Schall v. Martin, 467 U.S. 252, 264, 104 S.Ct. 2403, 81 L.Ed2d 207 (1984) ("The legitimate and compelling state interest in protecting the community from crime cannot be doubted."); Schultz, 2009 WL 35225, at *5 ("Public safety is an important governmental objective."). Moreover, the prohibition of firearms possession by felons substantially relates to these important governmental interests. In enacting § 922(g)(1), "Congress focused on the nexus between violent crime and the possession of a firearm by any person with a criminal record." Lewis, 445 U.S. at 66 (citing 114 Cong. Rec. 13220, 16298 (1968) (remarks of Sen. Tydings and Sen. Pollock)). Given this connection, a law which prohibits possession of firearms by felons substantially relates to the important governmental objectives of promoting public safety and preventing crime. Miller, 2009 WL 499111, at *7; Schultz, 2009 WL 35225, at *5. For

these reasons, the Court concludes that § 922(g)(1) withstands intermediate scrutiny and therefore is not unconstitutional under the Equal Protection Clause.

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Indictment [Doc. 12] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 17, 2009

Martin Reidinger
United States District Judge