# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) Criminal Case No. 0419 3:09CR00018-001<br>) |
| George Lamont Moore<br>Defendant | )<br>)<br>) |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant George Lamont Moore and for good cause shown therein, and also based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

**1. FAILURE TO COMPLY WITH HOME DETENTION (Date violation concluded: 5/15/2021).**

The defendant has violated the condition of supervision that states, "The defendant shall submit to home detention, with location monitoring technology, for a period of Enter Period months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine,

1

voice over internet protocol (VOIP), burglar alarm or three-way calling service," in that, on 05/05/21, and 05/15/21, the defendant violated the terms and conditions of the location monitoring agreement by leaving his place of residence at 3102 Nobles Avenue, Apartment-1, Charlotte, NC without prior authorization from his officer and failed to make his whereabouts known. **GRADE C VIOLATION.**

**2. FAILURE TO PAY FOR COSTS OF LOCATION MONITORING (Date violation concluded: 5/15/2021).**

The defendant has violated the condition of supervision that states, "The defendant is to pay the cost of the location monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction," in that, the defendant has failed to pay the cost of the monitoring program since starting his term of home detention on 03/02/21. The defendant currently has an outstanding balance in the amount of $217.20.

**3. FAILURE TO NOTIFY OF ADDRESS CHANGE (Date violation concluded: 5/15/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives)," in that, on 05/15/21, at 0322 hours, the defendant left his place of residence at 3102 Nobles Avenue, Apartment-1, Charlotte, NC, while on home detention with location monitoring and has since failed to make his whereabouts known to the probation office. **GRADE C VIOLATION.**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violation is a maximum Grade C and that the defendant has a Criminal History Category of VI.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of VI is a term of imprisonment from 8 to 14 months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 14 months. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

3

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant George Lamont Moore be and is hereby SENTENCED to a term of imprisonment of 14 months on Count 1 of the judgment, with no term of supervision to follow.

So ORDERED and ADJUDGED, this the 3rd day of August, 2021.

Frank D. Whitney
U.S. District Court Judge

**APPROVED**

_Mr. George Moore_
George Lamont Moore
Defendant

_[signature]_
Attorney for Defendant

_[signature]_
Assistant United States Attorney

_Jason M. Kemp_
Jason Kemp
Supervisory U.S. Probation Officer

_Bonney Price_
Bonney Price
Probation Officer